T.C. Summary Opinion 2002-79

UNITED STATES TAX COURT

SYLVESTER MONROE, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1484-00S.                    Filed July 1, 2002.

Sylvester Monroe, Jr., pro se.

Stephen J. Neubeck, for respondent.

CARLUZZO, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for 1996.  The decision to be entered is
not reviewable by any other court, and this opinion should not be
cited as authority.

Respondent determined a deficiency of $3,074 in petitioner's 1996 Federal income tax. The issue for decision is whether petitioner is entitled to a deduction for a rental real estate loss claimed on the Schedule E, Supplemental Income and Loss, included with his 1996 Federal income tax return. The resolution of this issue depends upon the amount of time that petitioner spent performing services in connection with his rental real estate activity during 1996.

Background

Some of the facts have been stipulated and are so found. At the time that the petition was filed, petitioner resided in Columbus, Ohio. Petitioner was married as of the close of 1996 and lived with his spouse at least for a portion of that year. He filed a timely 1996 Federal income tax return as a married individual filing separately.

Petitioner has been employed with the Ohio Department of Taxation (the Department) since 1988. During 1996, petitioner held a supervisory position at the Department. Not counting vacation and sick leave, he worked 1,834 hours for the Department that year.[1]

Over the years, petitioner purchased, and as necessary renovated, residential real estate properties that he held for

---

[1] Petitioner's compensation from the Department was based on a 2,080 hour work year.

rent.  As of the close of 1996, petitioner owned five such rental properties, one of which was purchased that year.  Two of the rental properties are four-unit apartment buildings; the other three properties are two-unit apartment buildings.

For the most part, petitioner was solely responsible for managing and maintaining his rental properties.  Among other things, he met with prospective tenants, negotiated and prepared leases, collected rent, and, from time-to-time, initiated and prosecuted eviction proceedings.  He personally made repairs to his rental properties, and he arranged for repairs to be made by third-parties.  Petitioner reviewed financial statements, made monthly payments to various creditors, and developed and maintained a bookkeeping system for recording the income and expenses attributable to his rental real estate activity.

Petitioner maintained a detailed "activity records log" (the log), updated at least on a weekly basis, in which he recorded time spent performing personal services in connection with his rental real estate activity.  According to the log, during 1996 petitioner spent 2,440 hours performing various personal services in connection with his rental real estate activity, including 1,440 hours of what is described in the log as "phone-in office hours 360 days a year."

On the Schedule E included with his 1996 return petitioner reported the following income and expenses attributable to his rental real estate activity:

| | |
|---|---|
| Rental income | $44,916 |
| Expenses | 62,101 |
| Rental real estate loss | 17,185 |

In the notice of deficiency, respondent, relying upon section 469, determined that petitioner is not entitled to a deduction for the rental real estate loss. Other adjustments made in the notice of deficiency are not in dispute.

Discussion

The extent to which petitioner is entitled to a rental real estate loss deduction is determined by reference to section 469.[2] That section sets forth what are commonly referred to as the passive activity loss rules. Although those rules are complex and spawn many disputes between taxpayers and the Commissioner, the disagreement between the parties in this case is relatively simple--the parties disagree as to the number of hours that

---

[2] In general, an individual is not entitled to a deduction for a passive activity loss. See sec. 469(a). Except as provided in sec. 469(c)(7), the term "passive activity" includes any rental activity. An otherwise deductible loss attributable to a rental real estate activity and sustained by an individual who actively participates in that rental real estate activity is deductible to a limited extent. See sec. 469(i). An otherwise deductible loss attributable to a rental real estate activity and incurred by a taxpayer who materially participates in a real property business is not subject to the limitations imposed by the passive activity rules because the activity is not considered a passive activity, if the taxpayer: (1) Performed more than one-half of his personal services during the year in real property trades or businesses in which he materially participated and (2) performed more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates. See sec. 469(c).

petitioner spent during 1996 performing personal services in connection with his rental real estate activity. All other requirements of the statutory scheme having been satisfied by petitioner, the number of hours that he spent performing services in his rental real estate activity is critical because in order to be entitled to the deduction here in dispute, petitioner must establish that those hours exceed the hours that he spent performing personal services as an employee of the Department. See sec. 469(c)(7)(B)(i).[3]

Not counting vacation and sick leave, petitioner spent at least 1,834 hours[4] performing personal services as an employee of the Department. Petitioner's log indicates that the time he spent performing personal services in his rental real estate activity; i.e., 2,440 hours, exceeds the time he spent performing services as an employee. However, respondent argues that the time reported in the log is overstated by the hours identified as "phone-in office hours 360 days a year" (the disputed hours). The disputed hours consist of time that petitioner was available to take telephone calls, rather than the number of hours that he was

---

[3] Petitioner does not qualify for a limited deduction for a loss attributable to rental real estate activity because he did not live separate and apart from his spouse for all of 1996 and did not file a joint return for that year with her. See sec. 469(i).

[4] We need not decide whether vacation and sick leave hours should be taken into account in the computation of the hours that petitioner spent performing personal services as an employee of the Department.

actually involved in telephone conversations. According to respondent, the time that petitioner was merely available for telephone calls should not count as time actually spent providing personal services in connection with petitioner's rental real estate activity.

The disputed hours total 1,440, well over one-half of the 2,440 hours listed on the log. At trial, petitioner explained that generally he could be reached by telephone 24 hours a day by tenants or others, but he only counted 4 hours a day, from 6 p.m. to 10 p.m., as time that he spent in his rental real estate activity. The disputed hours were not computed with reference to the amount of time he actually spent on the telephone with tenants or others. Petitioner recorded some, but not all, of his actual telephone calls in the log. At trial, petitioner was unable to approximate the number of hours that he actually spent on the telephone in connection with his rental real estate activity.

As we view the matter, allocating 4 hours a day for 360 days of the year is not a reasonable means of establishing the time that petitioner actually spent on the phone speaking with tenants and/or others in connection with his rental real estate activity. Sec. 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988). We find it highly unlikely that petitioner actually spent that much time speaking on the phone on matters concerning his rental properties. Furthermore, according to the

log, on numerous occasions during the hours of 6 p.m. and 10 p.m., petitioner was engaged in other activities. These hours are also included in the total hours reported in the log, in effect duplicating, or double counting the same hours. We accept petitioner's claim that he could do more than one thing at any given time, but any hour within which multiple tasks were performed should only be counted once.

Accordingly, we find that the disputed hours cannot be considered hours spent by petitioner performing personal services in connection with his rental activities. Deducting the disputed hours from the total hours recorded in the log leaves 1,000 hours. Petitioner performed at least 1,834 hours of services as an employee of the Department in 1996. Consequently, he did not perform more than one-half of his personal services during that year in real property trades or businesses in which he materially participated. Accordingly, respondent's determination that petitioner is not entitled to a deduction for the rental real estate loss he incurred in 1996 is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.